**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ANGEL VIVIENNE OKUMU, **)** | |
| **)** | |
| Plaintiff, **)** | |
| **)** | |
| v. **)** | Civ. No. 25-40155-MRG |
| **)** | |
| COLIN GOGUEN, DCF Response **)** | |
| Worker, et al., **)** | |
| **)** | |
| Defendants. **)** | |

## MEMORANDUM AND ORDER
**July 20, 2026**

**GUZMAN, D.J.**

Plaintiff Angel Vivienne Okumu ("Okumu" or "Plaintiff"), now residing in Ashburnham, Massachusetts, brings this action under 42 U.S.C. § 1983 and state law for the alleged violation of her constitutional rights.

For the reasons set forth below, the Court will grant the motion for leave to proceed *in forma pauperis* and deny without prejudice the motion for alternative service. If Okumu wishes to proceed with this action, she shall file an amended complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure.

## I.  Motion for Leave to Proceed *in Forma Pauperis*

Upon review of Plaintiff's financial disclosures, the Court finds that Plaintiff lacks sufficient funds to pay the filing fee. The motion for leave to proceed *in forma pauperis* is **GRANTED.**

**II.      Screening of the Complaint**

Federal law authorizes a federal court to dismiss an *in forma pauperis* complaint sua sponte if the claims therein are frivolous, malicious, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  In conducting this review, the Court must treat all factual allegations as true, but the Court is not required to accept legal conclusions as true.  Id. at 678.

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction . . .  a short and plain statement of the claim showing that the pleader is entitled to relief; and . . . a demand for the relief sought[.]" Fed. R. Civ. P. 8(a)(1)-(3). A plaintiff's complaint need not provide an exhaustive factual account, only a short and plain statement. Fed. R. Civ. P. 8(a). This statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Twombly, 550 U.S. at 555 (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). It must afford the defendants a "[']meaningful opportunity to mount a defense,'" Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)).

In addition, the claims must be "set forth in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Because it promotes clarity, "each claim founded on a separate transaction or occurrence. . . must be stated in a separate count." Id. In essence, the complaint must succinctly set forth as to each defendant what she claims they did (or failed to do), where it occurred, when it occurred, and the relief she seeks as to each defendant. The caption must identify all defendants. Fed. R. Civ. P. 10(a).

The Court liberally construes the complaint because plaintiff is proceeding *pro se*. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972).

## III.    Discussion

Although Okumu is self-represented and the complaint is understandable, it fails to comply with the pleading requirements of the Federal Rules of Civil Procedure.  The complaint consists of a form "Complaint for a Civil Case" [Compl., ECF No. 1], a 4-page statement of the claim which is docketed as an exhibit, [ECF No. 1-1] (the "Statement"), and dozens of exhibits filed under seal.  [ECF No. 1-2)].  Named as defendants are the Massachusetts Department of Children and Families ("DCF") and several employees in the DCF Leominster office.  [Compl. at ¶ I(B), the Statement at 1–4].   Okumu alleges the basis for jurisdiction as federal question. [Id. at ¶ II]. For relief, Okumu seeks damages as well as injunctive relief including correction of DCF records and policy reforms. [Id. at ¶ IV].

The claims asserted against each defendant are found in the Statement. [ECF No. 1-1]. Although the Statement is divided into separate sections for each defendant, the factual allegations are primarily asserted by paragraphs that are not separately numbered. [Id.] The paragraphs in each section summarize the claims as to each defendant.

3

In addition, it is not clear how the documents filed as exhibits to the complaint support a specific federal claim against the defendants.  The First Circuit has repeatedly cautioned that "[o]rdinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein . . ." Graf v. Hospitality Mut. Ins. Co., 754 F.3d 74, 76 (1st Cir. 2014) (internal citations omitted). That being said, "there is a narrow swatch of materials outside the complaint itself that may be considered on a motion to dismiss for failure to state a claim." Ríos-Campbell v. U.S. Dep't of Commerce, 927 F.3d 21, 25 n.2 (1st Cir. 2019). "While we are certainly sympathetic to the challenges pro se plaintiffs may face in filing a lawsuit on their own, it is not our job, in an effort to ferret out the adequacy of a plaintiff's pleaded allegations, to haphazardly mine documents appended to a complaint." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 79–80 (1st Cir. 2014). At this stage, it would be unfair to require the defendants to respond to the complaint in its current form.

Accordingly, to the extent plaintiff wishes to proceed, plaintiff shall file an amended complaint. The amended complaint – a new stand-alone document – must comply with the pleading requirements of the Federal Rules of Civil Procedure. In preparing the amended complaint, plaintiff shall identify the basis for this Court's jurisdiction and shall specifically the specific federal statutes and/or provisions of the United States Constitution that are at issue. Plaintiff should not set forth claims in a narrative format. Rather, any amended complaint should, in sequentially numbered paragraphs, focus on the legal claims separately against each defendant, along with the basis for such claims. The amended complaint must include separate counts each supported by factual allegations. If an amended complaint is filed, it will be further screened.

**III.    Conclusion**

In accordance with the foregoing, the Court hereby orders:

1.    The motion for leave to proceed *in forma pauperis* is **GRANTED**.

2.    The motion for alternative service is **DENIED without prejudice**.

3.    If plaintiff wishes to proceed with this action, plaintiff must file an amended complaint that complies with the pleading requirements of the Federal Rules of Civil Procedure. Failure to do so within thirty (30) days may result in dismissal of this action.

**So Ordered.**

/s/ Margaret R. Guzman

MARGARET R. GUZMAN
UNITED STATES DISTRICT JUDGE

Dated: July 20, 2026